UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LUCILLE AND EDWARD                    CIVIL ACTION
RICHARDSON

VERSUS                                NO.  06-1804

ALLSTATE INSURANCE CO.                SECTION "R"(5)


**ORDER AND REASONS**

Plaintiffs move to remand this matter, which was transferred to this section because plaintiffs claim damages pursuant to Louisiana's Valued Policy Law, La. Rev. Stat. § 22:695.  For the following reasons, the Court GRANTS the plaintiffs' motion.


**I.   BACKGROUND**

Plaintiffs in this case are Louisiana property owners who suffered substantial damage to their property during this storm and who have sued their homeowner's insurance carrier.  Defendant is an insurance company that lacks citizenship or a principal place of business in Louisiana.  The parties in this action are thus diverse.  Plaintiffs filed their action in Louisiana state court, and defendant removed it to this Court.  Plaintiffs now seek to remand this matters to state court.  Defendant opposes

the motion and asserts that federal jurisdiction is proper under diversity jurisdiction pursuant to 28 U.S.C. § 1332.  The parties disagree as to whether the amount in controversy is satisfied under the requirements of section 1332.  *See* 28 U.S.C. § 1332 (establishing a jurisdictional minimum of $75,000).

## II.  LEGAL STANDARDS

### A.   Removal

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).  The removing party bears the burden of showing that federal jurisdiction exists.  *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, 1995 WL 419901, at *2 (E.D. La. 1995).  The Court must remand the case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c).

2

**B.   Amount in Controversy**

Under Fifth Circuit law, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages.  *See Allen*, 63 F.3d at 1335.  When the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good faith."  *Id.*  (*citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).  If a plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal.  *Allen*, 63 F.3d at 1335.  "Thus, in the typical diversity case, the plaintiff is the master of his complaint."  *Id*.

Here, however, plaintiffs filed their complaint in Louisiana state court, and Louisiana law does not permit them to plead a specific amount of money damages.  When, as here, the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen*, 63 F. 3d at 1335; *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).  A defendant satisfies this burden either by showing that it is facially apparent that the

3

plaintiff's claims exceed the jurisdictional amount or by setting forth the facts in dispute supporting a finding that the jurisdictional amount is satisfied.  *Allen*, 63 F.3d at 1335.  The defendant must do more than point to a state law that might allow plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.  *See De Aguilar*, 47 F.3d at 1412.  Where the "facially apparent" test is not met, it is appropriate for the Court to consider summary-judgment-type evidence relevant to the amount in controversy as of the time of removal.  *Allen*, 63 F.3d at 1336.

## III. ANALYSIS

Plaintiffs Lucille and Edward Richardson sued their insurer for breach of contract after it paid only $2,477.89 under a homeowner's policy that was worth substantially more.  Plaintiffs sought a declaratory judgment to enforce only the part of their insurance policy that covers dwelling and structures, totaling $51,054, of which they specifically claimed they were entitled to $48,577.10 in their state court petition.  The Richardsons never claimed that they were entitled to the full value of their policy, which totals $60,332 under their dwelling and contents coverage.  In its notice of removal, Allstate asserted that the

4

amount in controversy requirement was met because the object of the Richardsons' suit was the total value of the policy plus "any and all general and equitable relief, if applicable." Allstate thus rested its removal petition on an assertion as to the face value of the underlying policy, though there is no indication from the complaint that the Richardsons sought to recover the full value of the policy, nor is the face value of the policy in excess of $75,000.

In a claim based on recovery under an insurance policy, it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy, unless the value of the claim exceeds the value of the policy. *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002) (declaratory judgment action); *see also Sea Trek, Inc. v. Sunderland Marine Mut. Ins. Co.*, 1995 WL 442062 at *1 (E.D. La. 1995) (calculating the amount in controversy based on receipts and affidavits as to actual damages suffered). The Richardsons specifically pleaded that the value of their claim was solely the remainder of their dwellings coverage, $48,577.10, and not the total value of their policy. Furthermore, the Richardsons did not ask for penalties, attorney's fees, or for any other specific relief.

Based on the facts alleged in the Richardsons' complaint,

the Court finds that it is not facially apparent that the amount in controversy is greater than $75,000.  Allstate has not submitted any evidence indicating that the plaintiffs' claims are for more than $75,000.  As such, the Court finds that the defendant has failed to meet its burden to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.

**IV.   CONCLUSION**

For the foregoing reasons, the Court GRANTS plaintiffs' motion to remand.

New Orleans, Louisiana, this <u>25th</u> day of October, 2006.

<u>Sarah Vance</u>
SARAH S. VANCE
UNITED STATES DISTRICT COURT